## Case No. 12,036.
### ROOT v. BROTHERSON et al.
[4 McLean, 230.] [1]

Circuit Court, D. Michigan. June Term, 1847.

DEED—EXECUTION—LEX REI SITÆ—RESIDENCE OF GRANTORS—MICHIGAN STATUTE.

1. A deed executed in any other state, for lands in Michigan, is valid. This validity is imparted by the statute of Michigan.

2. Each state has a right to regulate the transmission of real property, by deed, or by operation of law.

3. To a deed executed in New York for land in Michigan, it is objected, that it does not appear, the parties making the deed resided in New York. The statute refers to the place where the deed was executed, and not to the residence of the persons who made it. It is admitted the deed was made in pursuance of the laws of New York. This is sufficient.

In equity.

Walker & Campbell, for complainant.

Abbott, Townsend & Hawkins, for defendant.

OPINION OF THE COURT. The complainant [Arthur H. Root] filed a bill to foreclose a mortgage, purporting to be executed by the defendant, Brotherson and wife, in the state of New York. Brotherson filed an answer and his wife demurred to the bill. As cause of demurrer, among other things it is assigned, that it does not appear in and by the said bill of complaint that said Cynthia R. Brotherson executed the said mortgage in accordance with the laws of this state, or of the state of New York, so as to make the same a valid conveyance in this state. It is said, if the mortgage was executed in this state, the certificate of acknowledgment is deficient, and consequently no bar to dower, in the premises described. But the mortgage was executed in New York. The 4th section of the act of 1840 [Laws Mich. 1840, p. 166] provides that "when any married woman, residing in this state, shall join with her husband in a deed of conveyance of real estate, situate within this state, the acknowledgment of the wife shall be taken separately and apart from her husband's, and she shall acknowledge that she executed such deed freely, and without any fear or compulsion from any one." Now, it is admitted that these words must be certified, by the officer taking the acknowledgment, to divest the feme covert of her dower. But the same law provides, that a deed for land in Michigan may be executed according to the laws of any other state or territory, and certified by the clerk or other proper certifying officer of a court of record of the county within which such acknowledgment was taken, under the seal of his office, etc. And also that "when any married woman, not residing within this state, shall join with her husband in any conveyance of real estate, situated within this state, the conveyance shall have the same effect as if she were sole, and the acknowledgment or proof of the execution of such conveyance by her, may be the same as if she were sole."

Now, the objection is, not that the mortgage was not executed in New York, but that the persons executing it were not, at the time, residing in New York. The acknowledgment was taken before Leonard "Burnet, a justice of the peace in and for the county of Niagara, and state of New York." There is no exception taken that the acknowledgment does not conform to the laws of New York, or that it is not duly certified, as required by the laws of Michigan. The principle is not doubted, that real estate must be conveyed in conformity to the law of the state in which it is situated. And this conveyance, though made as required by the laws of New York, derives its validity entirely from the Michigan statute, which recognizes it as valid. The bill represents that the mortgage was executed in New York, in pursuance of the laws of that state. This being done, the court will not presume against the official act of the acknowledgment. There could be no motives, for persons residing in Michigan, to go to New York for the purpose of conveying lands in Michigan. Besides, the Michigan statute does not require as a condition to such conveyance, that the grantors should reside in such state. Had there been such a provision, there would have been more force in the objection, that it does not appear from the bill, the mortgagors resided in New York when the mortgage was executed. When the deed is executed in Michigan, it must be conformably to the Michigan statute. And this applies to all deeds executed in the state, for lands within it, whether by residents or persons merely passing through the state. The same principle, it is supposed, applies, under the Michigan statute, to deeds executed in any other state. The demurrer is overruled, etc.